UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TAVARES J. BROWNING,

    Plaintiff,

        v.                              CAUSE NO. 3:21-CV-542-RLM-MGG

RON NEAL,

    Defendant.

OPINION AND ORDER

Tavares J. Browning, a prisoner without a lawyer, filed a complaint against Warden Ron Neal. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Browning alleges that, on April 30, 2021, his cell house was shaken down by officers wearing masks. Five to seven officers arrived at his cell and began shouting demands. He was told to strip down and turn around and cuff up. They tried to cuff Mr. Browning up using a single pair of zip ties. Mr. Browning's build is such that he can't be cuffed with a single pair of zip ties. Throughout his incarceration, he has been cuffed with two pairs of zip ties. The officers suggested he wasn't cooperating, but he

explained that he couldn't comply with their demands. The officers threatened to "light him up" if he didn't comply. Soon after, he was shot in the head with a paintball. He was ultimately forced into a single zip tie, resulting in significant pain. His skin was torn off when they attempted to remove the tight zip tie.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Mr. Browning has alleged facts permitting an inference that officers used excessive force against him. But he has sued only Warden Ron Neal, and he doesn't allege that Warden Neal was personally involved in the incident. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). The case can't proceed against unnamed defendants. *See* Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). The claim will proceed against Warden Ron Neal only for the purposes of conducting discovery to identify the unnamed

officers that were personally involved in the incident described in Mr. Browning's complaint.

For these reasons, the court:

(1) GRANTS Tavares J. Browning leave to proceed against Warden Ron Neal for the sole purpose of conducting discovery to identify the unnamed officers personally involved in using excessive force against Mr. Browning on April 30, 2021, as described in the complaint, and in violation of the Eighth Amendment;

(2) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Warden Ron Neal at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), under 28 U.S.C. § 1915(d);

(3) WAIVES Warden Ron Neal's obligation to file an answer to the complaint;

(4) ORDERS Warden Ron Neal to appear and respond to discovery for the sole purpose of identifying the unknown officers whose actions are described in the complaint, resulting in excessive force being used against Tavares J. Browning on April 30, 2021, in violation of the Eighth Amendment;

(5) ORDERS that any discovery by Tavares J. Browning regarding the identity of the unnamed officers be initiated by January 19, 2022, and completed by February 18, 2022;

(6) DISMISSES all other claims; and

(7) ORDERS Tavares J. Browning to file an amended complaint naming the officers personally involved in the events described in his complaint by March 18, 2022.

SO ORDERED on November 17, 2021

>s/ Robert L. Miller, Jr.
>JUDGE
>UNITED STATES DISTRICT COURT