UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TAVARES J. BROWNING,

    Plaintiff,

        v.                     CAUSE NO. 3:21-CV-542-RLM-MGG

RON NEAL,

    Defendant.

OPINION AND ORDER

Tavares J. Browning, a prisoner without a lawyer, filed an amended complaint against Warden Ron Neal.[1] The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Browning's amended complaint alleges essentially the same facts as his original complaint. Officers wearing masks and other devices that concealed their

---

[1] Mr. Browning put the cause number of a different case on his amended complaint, and the amended complaint was filed in that case at first. Browning v. Neal, No. 3:21-CV-544-JD-MGG (N.D. Ind. filed July 26, 2021). It was clear that Mr. Browning wrote the wrong cause number on the complaint and that he intended it to be filed in this case, so Magistrate Judge Michael G. Gotsch ordered the clerk to strike the amended complaint from the docket in that case and file the amended complaint in this case.

identities shook his cell down on April 30, 2021. Five to seven officers arrived at his cell and began shouting demands. They told Mr. Browning to strip down, turn around, and cuff up. The officers then tried to cuff Mr. Browning up using a single pair of zip ties. Mr. Browning's build is such that he can't be cuffed with a single pair of zip ties. Throughout his incarceration, he has been cuffed with two pairs of zip ties. The officers suggested Mr. Browning wasn't cooperating, but he explained that he couldn't comply with their demands. The officers threatened to "light him up" if he didn't comply. Soon after, he was shot in the head with a paintball gun at close range. He was never properly restrained, but his skin was injured when the zip tie became stuck, resulting in significant pain.[2]

---

[2] Mr. Browning includes more allegations regarding his conditions of confinement in the cell he was moved to following the shakedown, but those allegations were adjudicated in Browning v. Neal, 3:21-CV-578-DRL-MGG (N.D. Ind. filed Aug. 5, 2021) (dismissed on Mar. 14, 2022, pursuant to 28 U.S.C. § 1915A for failure to state a claim). Thus, this claim is barred by *res judicata* as to Warden Ron Neal. "The doctrine of *res judicata*, or claim preclusion, 'protects the finality' of a judgment and 'prevents parties from undermining it by attempting to relitigate the claim.'" McDonald v. Adamson, 840 F.3d 343, 346 (7th Cir. 2016) (citing *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011)).

Additionally, Mr. Browning includes allegations about property that was lost following the shakedown. Mr. Browning raised these claims in Browning v. Neal, 3:21-CV-557-DRL-MGG (filed July 29, 2021) (dismissed without prejudice on Mar. 14, 2022, after Mr. Browning did not respond to an order to show cause). Because that case was dismissed without prejudice, Mr. Browning isn't precluded from raising the claims again. The allegations, however, don't state a claim upon which relief can be granted. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." A state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees, and they provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See* Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Even the destruction of legal materials is merely a property loss if the papers are

In screening the original complaint, the court found that the allegations supported a claim that excessive force was used during the encounter. However, Mr. Browning had named only Warden Neal, and Mr. Browning didn't allege that Warden Neal was personally involved in the incident. The court explained that Warden Neal couldn't be held responsible for the alleged wrongs. *See* Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). The court further explained that the case can't proceed against unnamed defendants. *See* Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). The court allowed Mr. Browning to proceed against Warden Ron Neal only for the purposes of conducting discovery to identify the unnamed officers that were personally involved in the incident described in Mr. Browning's complaint. Mr. Browning was to initiate discovery by January 19, 2022, and complete discovery by February 18, 2022. Those deadlines are now long past, and it appears from the docket that Mr. Browning made no attempt to conduct discovery to obtain the names of the officers he wishes to sue.[3] Instead, he filed the amended complaint, again naming only Warden Neal as a defendant.

---

replaceable. Hossman v. Spradlin, 812 F.2d 1019 (7th Cir. 1987). Legal papers are not deemed irreplaceable merely because there is a cost associated with obtaining them.

[3] Under Northern District of Indiana Local Rule 26-2(a)(2)(A), all discovery must be filed in this case, and Mr. Browning hasn't filed any discovery.

3

Mr. Browning's amended complaint notes that he requested counsel and his request was denied. He believes it is unfair that the people who harmed him are represented by counsel when he isn't represented. Mr. Browning further indicates that he doesn't have the knowledge needed to proceed. The court denied his request for counsel (ECF 22) because he hadn't made a reasonable attempt to obtain counsel on his own. He was provided with ten copies of the screening order in this case so he could include them with letters to ten individual attorneys asking for representation. There is still no indication Mr. Browning has made any effort to obtain counsel on his own. His filings do not suggest any inability to make this request of ten attorneys. Until he has done so, he will proceed without the benefit of counsel.

Mr. Browning says he lacks the competence to conduct discovery, but his filings in this case suggest otherwise. It is a simple matter of asking for the names of the involved officers through the discovery process. All he needs to do is write interrogatories asking the warden whether, based on the information provided in the amended complaint, he is able to identify the unknown officers whose actions on April 30, 2021, are described in the amended complaint, and (if he can) to provide their names. The interrogatories should be filed with the court and served on Warden Neal. In the interests of justice, Mr. Browning will be given another opportunity to seek the information he needs to amend his complaint through the discovery process.

For these reasons, the court:

(1) DENIES the request for counsel contained in Tavares J. Browning's amended complaint (ECF 26);

(2) GRANTS Mr. Browning leave to proceed against Warden Ron Neal for the sole purpose of identifying the unnamed officers personally involved in using excessive force against Mr. Browning on April 30, 2021, as described in the amended complaint, and in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) WAIVES Warden Neal's obligation to file an answer to the amended complaint;

(4) EXTENDS the deadlines for Mr. Browning to conduct discovery regarding the identity of the unnamed officers, with discovery to be *initiated* by **April 18, 2022**, and *completed* by **May 18, 2022**; and

(5) ORDERS Mr. Browning to file a second amended complaint naming the officers personally involved in the events described in his complaint by **June 20, 2022**.

SO ORDERED on March 15, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT